# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **CHARLES ALLEN MOFFETT, JR.,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:20CV00465 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **HAROLD W. CLARKE,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Respondent. | ) | |
| | ) | |

*Charles Allen Moffett, Jr., Pro Se Petitioner.*

Petitioner Charles Allen Moffett, Jr., a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. He challenges the September 2019 judgment of the Culpeper County Circuit Court under which he stands convicted of drug offenses and sentenced to serve prison time. Moffett also appears to challenge the validity of his detention around the same time, related to his probation on a prior conviction. Upon review of the record, the court concludes that the § 2254 petition must be summarily dismissed without prejudice, because Moffett has not yet exhausted available state court remedies.

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. The exhaustion requirement is satisfied by seeking

review of the claims, throughout the state court system, to the highest state court with jurisdiction to consider the claims. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This requirement may be met through a direct appeal, or the petitioner can file a state habeas petition directly with the Supreme Court of Virginia. Va. Code Ann. § 8.01-654(A)(1). Whichever route he follows in exhausting state court habeas remedies, a petitioner must ultimately present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them on the merits under § 2254.

On the face of Moffett's § 2254 petition, he states that he has not filed a direct appeal of the Culpeper County Circuit Court's judgment. State court records available online support this statement. Instead, Moffett indicates, he has raised his current claims in a state habeas corpus petition in the Supreme Court of Virginia. He reports that his state petition is currently pending, and state court records online bear out this fact. Because that state habeas proceeding has not concluded, Moffett has not yet exhausted all available state court remedies as required under § 2254(b) before this court could grant the relief he seeks. Therefore, the court must dismiss his § 2254 petition without prejudice.[1] *See Slayton v. Smith*, 404 U.S. 53, 54 (1971)

---

[1] Moffett is advised that if he is dissatisfied with the outcome after he has exhausted his available state court remedies, by receiving a ruling from the Supreme Court of Virginia on his habeas claims, he may file another § 2254 petition in this court at that time.

(finding that § 2254 habeas petition must be dismissed without prejudice pending state court's opportunity to address petitioner's habeas claims).

A separate Final Order will be entered herewith.

                                              DATED:   August 24, 2020

                                              /s/  James P. Jones
                                              United States District Judge